United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-41706
Summary Calendar

_____

JEFFERY WARREN SANDERS

Plaintiff - Appellant

v.

DONNA KLINGER, Sergeant; MIKE NELSON,
Deputy; MARK RIDEAUX; NFN DELACRUZ,
Deputy Lieutenant; JOHN G. ANDERSON

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CV-141
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

Jeffery Warren Sanders, Texas prisoner # 680206, appeals the

dismissal as frivolous of his *pro se*, *in forma pauperis*

complaint.  He asserts that Donna Klinger opened his legal mail

outside of his presence, in violation of prison rules and his

constitutional rights.  Such allegations are insufficient to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

establish a claim of a denial of access to the courts. <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996); <u>Brewer v. Wilkinson</u>, 3 F.3d 816, 826 (5th Cir. 1993).

Sanders also asserts that the Galveston County Jail's law library contained outdated materials and that he lacked the time to research his claims adequately. He has not established a denial of access to the courts because he has not shown that his position as a litigant was prejudiced. <u>Lewis v. Casey</u>, 518 U.S. 343, 350-53 (1996).

Sanders's appeal is without arguable merit and is thus frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS Sanders's appeal as frivolous. <u>See</u> 5TH CIR. R. 42.2. This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous constitute two "strikes" for the purposes of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). If Sanders obtains three "strikes," he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

Sanders has moved for correction and modification of the record on appeal and for appointment of counsel. These motions are DENIED.

APPEAL DISMISSED; MOTIONS DENIED.